UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:03CR198(RNC) |
| | : | |
| V. | : | |
| | : | |
| ANTONIO MARRERO | : | February 4, 2005 |
| | : | |

<u>GOVERNMENT'S MEMORANDUM RE: CHANGE OF PLEA</u>

This memorandum is submitted by the Government to assist the Court at the change of plea proceeding in this case, which is scheduled for March 1, 2005.

<u>Background</u>

On July 16, 2003, a federal grand jury sitting in New Haven returned an indictment in which the defendant was charged in Count One with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. On November 16, 2003, the defendant, who had been taken into custody and held without bail, appeared before the Court, Martinez, U.S.M.J., and began to offer a plea of guilty to Count One of the indictment. During his allocution, he indicated that, while he now knows that he was assisting in the distribution of heroin, he only knew at the time of the offense that the substance with which he was dealing was an illegal drug, which he assumed was cocaine, a Schedule II controlled substance. Due, in part, to the unsettled state of the law in the wake of the U.S. Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531

(2004), the Court and the parties concluded that it would be imprudent to proceed with the plea at that point, and the Court adjourned the proceedings.

In the meantime, the Supreme Court has again spoken in United States v. Booker, 125 S.Ct. 738 (2005), and has considerably clarified the law as it may apply to the plea proceeding in this case.

Argument

Prior to the Supreme Court's ruling in Blakely, it was settled law in the Second Circuit that the identity and quantity of controlled substances involved in a drug offense are not elements of the offense. See United States v. King, 345 F.3d 149, 152-53 (2d Cir. 2003). This is because Section 841(a)(1), and Section 846, which incorporates that section by reference, contain no mens rea requirement regarding the quantity or identity of controlled substances beyond that the controlled substance appears in Schedule I or II. Id. Here, the defendant has already indicated under oath that he believed he was dealing with cocaine, a Schedule II controlled substance, so the scienter requirement is fulfilled by his November allocution. The specific identity and the quantity of controlled substance involved go to the applicable penalty, including possible mandatory minimum sentences. But the penalty statute, Section 841(b), does not import any scienter requirement from Section

2

841(a).  See King, 345 F.3d at 153.  Accordingly, knowledge of

the specific identity and quantity of controlled substance

involved need not be part of a defendant's admissions at the time

of plea.  A defendant may, of course, allocute to the amount and

type of drugs that were actually involved in his offense, and

such admissions may permit application of an increased statutory

maximum consistent with the Sixth Amendment.  See generally

United States v. Thomas, 274 F.3d 655 (2d Cir.)(en banc).

     However, after Blakely, the status and role of the drug

identity and quantity was less clear than before, as both are

aggravators which can lead to the imposition of an increased

sentence.  This was because, following Blakely, all parties and

the Court understood that the Supreme Court had, with respect to

the sentencing guidelines of the State of Washington, held that,

insofar as those guidelines were mandatory to some extent, the

Sixth Amendment requires that increases in guideline ranges could

only be triggered by facts charged and found by a jury or

admitted by the defendant.  At the time, it was anticipated that

the Supreme Court would apply its rationale in Blakely to the

federal Guidelines.

     In Booker, a majority of the Supreme Court employed the

Blakely rationale, and held that the federal Guidelines violated

the Sixth Amendment.  However, in a separate opinion, a different

majority held that the provisions making the Guidelines mandatory

3

should be severed and excised, leaving the Guidelines as advisory only. Booker, 125 S.Ct. at 755 (Justice Breyer writing for a majority). The second majority went on to reaffirm the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt.

Booker, 125 S.Ct. at 756 (Justice Breyer writing for a majority). With the Guidelines being merely advisory after the severance and excision of their mandatory aspect, the maximum sentence authorized by the facts which would be established by a guilty plea by the defendant to a conspiracy to distribute any amount of any controlled substance would be twenty years. 21 U.S.C. § 841(b)(1)(C).[1] The finding of facts by the court without a jury verdict or admissions by the defendant, which would affect the defendant's exposure within this twenty year cap, would therefore not run afoul of the Sixth Amendment or the rule in Apprendi.

**Conclusion**

Following Booker, it is again clear that King is controlling, and that

> drug dealers convicted under 841(a) [and, the Government

---

[1] The defendant indicated in his November allocution that he thought the controlled substance he was dealing with was cocaine, implicating subsection A, B or C, depending on the quantity, with the lowest statutory penalty range being set forth in subsection C.

4

would argue, 846] need not know the type and quantity of drugs in their possession in order to be subject to sentencing enhancements contained in 841(b).

<u>King</u>, 345 F.3d at 152-53.

For the reasons set forth above, the Government urges the Court to accept the defendant's change of plea in the absence of an admission on his part that he knew that the controlled substance he admittedly conspired to distribute was heroin, and that the conspiracy involved at least one kilogram.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR NO. CT05153

5

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that a copy of the foregoing was mailed, postage pre-paid, on February 4, 2005 to:

John Walkley, Esq.
450 Monroe Turnpike, #101
Monroe, CT 06468

_____
H. Gordon Hall
Assistant U.S. Attorney