

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut  06510*

*(203) 821-3700*
*Fax (203) 773-5376*
*www.usdoj.gov/usao/ct*

March 7, 2005

John T. Walkley, Esq.
450 Monroe Turnpike
Monroe, CT 06468

Re:    **United States v. Antonio Marrero, a/k/a Ramon Marrero**
       **No. 3:03CR198 (RNC)**

Dear Mr. Walkley:

This letter confirms the plea agreement entered into between your client, Antonio Marrero, a/k/a Ramon Marrero, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

The defendant agrees to plead guilty to Count One of the indictment charging him with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of Title 21 U.S.C. § 846. He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

Count One

1. That a conspiracy to possess with intent to distribute controlled substances existed; and

2. That the defendant knowingly and willingly agreed to participate in the conspiracy.

3. In addition to these essential elements, the Government must also establish that the conspiracy involved 1 kilogram or more of heroin under Count One in order for the statutory sentencing range to be ten years to life in prison, a fine of up to $4,000,000

and five years to life supervised release.

## THE PENALTIES

This offense carries a maximum penalty of life imprisonment, a mandatory minimum term of ten years imprisonment, and a fine of up to $4 million. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least 5 years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $4 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

1.   Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. __ (2005).
The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2.   Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the

defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

3. <u>Waiver of Right to Challenge Prior Convictions Used To Enhance Sentence</u>

The defendant understands and agrees that the offense of conviction carries enhanced penalties because of his prior criminal record. The defendant further understands and agrees that under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of defendant's prior convictions need not be approved by a grand jury or submitted to a trial jury and proved beyond a reasonable doubt. Defendant expressly understands and agrees that such facts will be determined either: by stipulation between the parties; in accordance with the procedures specified by the United States Sentencing Guidelines; or by the Court upon a finding that the relevant facts have been established by reliable evidence, which may include hearsay evidence, and, proven by a preponderance of the evidence.

4. <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation as follows: that the Guidelines equivalent of at least 1 kilogram but less than 3 kilograms of heroin is the quantity commensurate with his criminal activity which forms the basis of the violations charged in the indictment and the relevant conduct of the defendant, U.S.S.G. § 1B1.3, app. note 1, and the defendant agrees that the Government possesses evidence which would establish this by a preponderance of the evidence. The parties understand and agree that the defendant's offense level is based on information known to the Government from sources other than any debriefing of the defendant.

5. <u>Guideline Stipulation</u>

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 87 to 108 months' imprisonment, subject to a mandatory minimum ten-year term of imprisonment, and a fine range of $15,000 to $4,000,000. The base offense level under U.S.S.G. § 2D1.1(c)(4) is 32. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 29. A total offense level 29 with a criminal history category I, in which the parties calculate the defendant to be, results in a range of 87 to 108 months' imprisonment (sentencing table), a mandatory minimum prison term of 120 months, and a fine range of $15,000 to $4,000,000 (U.S.S.G. § 5E1.2(c)(3)).

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

6.    Waiver of Right to Appeal
       <u>or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 120 months, a lifetime term of supervised release, and a fine of $4,000,000 even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

7. <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's

representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been
reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862, and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Finally, the defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy to distribute heroin which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that, apart from any written Proffer Agreement, no other promises, agreements, or conditions have been entered into other than those set forth in this plea

agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

Ramon Marrero                                3/7/05
Antonio Marrero, a/k/a Ramon Marrero         Date
The Defendant

I have thoroughly read and explained this plea agreement to my client who advises me that he understands and accepts its terms.

John Walkley, Esq.                           3/7/05
Attorney for the Defendant                   Date