UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff

VS.

CRIMINAL MATTER
NO. 3:03CR-198 (RNC)

ANTONIO (RAMON) MARRERO,        October 19, 2005

        Defendant

-----------------------------------------------------------x

## MOTION OF DEFENDANT ANTONIO (RAMON) MARRERO TO CONTINUE SENTENCING HEARING

        Defendant Antonio (Ramon) Marrero, in the above-captioned criminal matter, through counsel, respectfully moves the Court hereby to continue the date for the sentencing hearing in the defendant's case from the currently assigned date of October 25, 2005, until November 28, 2005, or a date thereafter convenient to the Court. In support of this motion, the defendant provides as follows:

        1.      On March 7, 2005, defendant Antonio (Ramon) Marrero entered a plea of guilty to Count One of a 26-count Indictment charging him with participation in a conspiracy to possess with the intent to distribute one kilogram or more of heroin. At the time of Mr. Marrero's guilty plea, defendant acknowledged that he was guilty of the offense charged, but that he believed that the drug involved was cocaine, not heroin. Based upon

the law as it existed at the time of Mr. Marrero's plea, the Court accepted the guilty plea and continued this case for preparation of a Presentence Report and sentencing hearing.

2. Since the date of Mr. Marrero's guilty plea and prior to the sentencing hearing, the Second Circuit Court of Appeals published its decision in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005). The *Gonzalez* decision has a direct bearing on the nature of the guilty plea in the instant case and, as a result, the parties agree that the prior guilty plea must be vacated. The parties have already discussed and agreed upon a new plea to an Information, which plea proposal has already been discussed with and accepted by Mr. Marrero.

3. Based upon all of the foregoing, the existing date for sentencing in this case must be continued and a new date assigned for Mr. Marrero's guilty plea. Based upon the new plea, defendant understands that the existing Presentence Report will have to be amended to reflect guideline calculations consistent with the new offense of conviction. At the same time, the sentencing hearing need not be delayed too far into the future as nothing else contained within the existing Presentence Report will be effected.

4. In making this motion, defendant submits that the continuance of the sentencing hearing in his case will not unduly delay the progress of the defendant's case and will not prejudice the government or create an unfair advantage in favor of the defendant at this important stage of his proceedings, and is legally necessary to correct a defect in the guilty plea that has been entered here.

5. For all of the foregoing reasons, defendant moves that his motion be granted and the date for his sentencing continued from October 25, 2005, until November 28, 2005, or a date thereafter convenient for the Court. While defendant is unsure if all of the proceedings needed to occur prior to the sentencing hearing can be accomplished by that date, defendant provides that proposed date for purposes of the Court's scheduling. Among the proceedings that will need to occur prior to sentencing is a debriefing in pursuit of safety valve treatment under the federal sentencing guidelines.

6. Undersigned counsel for defendant provides that he has contacted the office of the United States Attorney with regard to this motion, and counsel for the government joins with undersigned counsel in seeking the continuance requested.

7. This is defendant's fourth motion to continue the sentencing hearing in this case. Any interest in the general public in a sentencing hearing earlier than the date requested by the defendant is outweighed by the interest of the defendant in the continuance requested.

WHEREFORE, in consideration of all of the foregoing, the defendant respectfully moves that this motion be granted.

                        DEFENDANT, ANTONIO MARRERO

By: _____
John T. Walkley
450 Monroe Turnpike, Suite 101
Monroe, Connecticut 06468
Telephone (203) 261-1911
Facsimile (203) 268-1433
Fed. Bar No. ct04341
litigater2@aol.com

## **CERTIFICATION**

It is certified hereby that a copy of the foregoing was dispatched via facsimile and first class mail, postage prepaid, this 19th day of October, 2005, to:

H. Gordon Hall, Esq.
Asst. United States Attorney
P.O. Box 1824
New Haven, Connecticut 06508-1824

_____
John T. Walkley