UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff

VS.

        CRIMINAL MATTER
        NO. 3:03CR-198 (RNC)

ANTONIO (RAMON) MARRERO,        December 2, 2005

        Defendant

-----------------------------------------------------------x

**MOTION OF DEFENDANT ANTONIO (RAMON)**
**MARRERO TO CONTINUE SENTENCING HEARING**

      Defendant Antonio (Ramon) Marrero, in the above captioned criminal matter, through counsel, respectfully moves the Court hereby to continue the date for the sentencing hearing in the defendant's case from the currently assigned date of December 5, 2005, until January 20, 2006, or a date thereafter convenient to the Court. In support of this motion, the defendant provides as follows:

      1.      On March 7, 2005, defendant Antonio (Ramon) Marrero entered a plea of guilty to Count One of a 26-count Indictment charging him with participation in a conspiracy to possess with the intent to distribute one kilogram or more of heroin. At the time of Mr. Marrero's guilty plea, defendant acknowledged that he was guilty of the offense charged, but that he believed that the drug involved was cocaine, not heroin. Based upon

the law as it existed at the time of Mr. Marrero's plea, the Court accepted the guilty plea and continued this case for preparation of a Presentence Report and sentencing hearing.

2. Since the date of Mr. Marrero's guilty plea and prior to the sentencing hearing, the Second Circuit Court of Appeals published its decision in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005). It appears that the *Gonzalez* decision has or may have a direct bearing on the nature of the guilty plea in the instant case. As a result, the parties have discussed whether or not defendant's prior guilty plea must be vacated. The parties have already discussed and a guilty plea to a new Information pursuant to a new plea agreement between the parties.

3. Although undersigned counsel for defendant has met with and discussed the new proposed disposition with defendant on several occasions, defendant remains undecided on how to proceed at this juncture. Undersigned counsel and counsel for the government have continued to discuss alternative means of proceeding, but a consensus has not yet been reached. This lack of agreement at this time is one reason for defendant's request to continue the scheduled sentencing hearing.

4. In addition, on November 29, 2005, undersigned counsel for defendant started trial in the Hartford Superior Court in a criminal matter known as State v. Anthony Coward. The Coward matter is a death penalty case and the jury selection and evidence portions of the trial will likely continue until March. The Court in the Coward case has assured defense counsel that there will be dates or portions of dates when other business can be conducted. Based upon this advice and schedule, the January 20, 2006, date is requested for sentencing in Mr. Marrero's case.

5. Based upon all of the foregoing, the existing date for sentencing in this case, Monday, December 5, 2005, must be continued and a new date assigned for Mr. Marrero's sentencing hearing.

6. In making this motion, defendant submits that the continuance of the sentencing hearing in his case will not unduly delay the progress of the defendant's case and

will not prejudice the government or create an unfair advantage in favor of the defendant at this important stage of his proceedings.

7. For all of the foregoing reasons, defendant moves that his motion be granted and the date for his sentencing continued from December 5, 2005, until January 20, 2006, or a date thereafter convenient for the Court. While defendant is unsure if all of the proceedings needed to occur prior to the sentencing hearing can be accomplished by that date, defendant provides that proposed date for purposes of the Court's scheduling. Among the proceedings that will need to occur prior to sentencing is a debriefing in pursuit of safety valve treatment under the federal sentencing guidelines.

8. Undersigned counsel for defendant provides that he has contacted the office of the United States Attorney with regard to this motion, and there is no objection by the government to the continuance requested.

9. This is defendant's fifth motion to continue the sentencing hearing in this case. Any interest in the general public in a sentencing hearing earlier than the date requested by the defendant is outweighed by the interest of the defendant in the continuance requested.

WHEREFORE, in consideration of all of the foregoing, the defendant respectfully moves that this motion be granted.

DEFENDANT, ANTONIO MARRERO

By: _____
John T. Walkley
450 Monroe Turnpike, Suite 101
Monroe, Connecticut 06468
Telephone (203) 261-1911
Facsimile (203) 268-1433
Fed. Bar No. ct04341
litigater2@aol.com

## **CERTIFICATION**

It is certified hereby that a copy of the foregoing was dispatched via facsimile and first class mail, postage prepaid, this 2nd day of December, 2005, to:

H. Gordon Hall, Esq.
Asst. United States Attorney
P.O. Box 1824
New Haven, Connecticut 06508-1824

_____
John T. Walkley